

# Fourth Court of Appeals
## San Antonio, Texas

October 13, 2022

No. 04-22-00410-CV

**ALL OCCUPANTS**,
Appellant

v.

**V&S TOTAL TRADE, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2022CV01033
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer case regarding 1619 Buena Vista St., Apt. **1B**, San Antonio, TX, 78207. Appellant appealed the trial court's judgment, which awarded possession of the real property to Appellee. Included in the clerk's record on appeal is the trial court's judgment and a writ of possession. The record does not show that Appellant filed a supersedeas bond to suspend the judgment. Nor does the record include a sheriff's return, indicating the writ of possession has been executed and possession delivered to Appellee.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "When a tenant is no longer in possession of the property and has not superseded the judgment of possession, [his] appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile." *Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.). "Appellate relief is not futile if the tenant holds and asserts 'a potentially meritorious claim of right to current, actual possession" of the property. *Id*. (emphasis in original). Issues independent of possession may be reviewable, even if the issue of possession is moot. *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.). Here, it is unclear whether Appellant currently holds possession of the real property at issue in this appeal. It also is not apparent from the record whether appellant holds and asserts a potentially meritorious claim of right to current, actual possession of the property.

Accordingly, we ORDER Appellant to show cause in writing **no later than October 28, 2022,** why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f), 44.3. If Appellant does not respond by October 28, 2022, this appeal is subject to dismissal. All other appellate deadlines are SUSPENDED pending further order of this court.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of October, 2022.

MICHAEL A. CRUZ, Clerk of Court